UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LAKEIA M. RIDGELL,<br><br>Plaintiff,<br><br>v.<br><br>DEKALB COUNTY SOLUTIONS,<br><br>Defendant. | Case No. 3:21-cv-50169 |

NOW COMES the Plaintiff, LAKEIA M. RIDGELL ("Plaintiff"), by and through her undersigned counsel complaining of the Defendant, DEKALB COUNTY SOLUTIONS ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. LAKEIA M. RIDGELL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Cleveland, Ohio.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. DEKALB COUNTY SOLUTIONS ("Defendant") maintains its principal place of business at 215 West Elm Street, Suite 104, Sycamore, Illinois 60178.

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

**FACTUAL ALLEGATIONS**

8. At some point in 2015, Plaintiff allegedly received medical services and incurred an alleged debt from these services ("subject debt").

9. On or around April 16, 2021, Defendant placed a phone call to Plaintiff attempting to collect on the subject debt.

10. During this phone call, Defendant never read Plaintiff the mini Miranda as required by 15 U.S.C. §1692e(11).

11. When Plaintiff answered this phone call, Defendant's representative immediately greeted Plaintiff by name, followed by Plaintiff's full social security number and address before verifying Plaintiff's identity.

12. Also during this phone call, Defendant's representative told Plaintiff that Defendant is currently reporting the subject debt on Plaintiff's Experian credit report, prior to requesting payment on the subject debt.

13. Concerned with this information, Plaintiff requested more information regarding the subject debt, including validation of the amount owed.

14. Plaintiff explained she did not recall owing any outstanding debt and wanted more information.

15. Defendant's representative continued to request payment and ignored Plaintiff's request.

16. Upon information and belief, Defendant told Plaintiff that the subject debt was reporting on her Experian credit report in an attempt to pressure Plaintiff into making a payment.

17. Plaintiff checked her credit report but was unable to locate anything regarding the subject debt.

18. This further caused Plaintiff concern that the alleged subject debt was not true and Defendant was attempting to collect a debt not owed.

19. Concerned with Defendant's deceptive collection practices, Plaintiff retained counsel to help resolve this matter and enforce her rights.

## COUNT I – VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

20. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

21. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

    a. **Violations of 15 U.S.C. § 1692e**

22. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

23. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

24. Section 1692e(11) of the FDCPA requires debt collector to state that is it "attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. §1692e(11).

25. Defendant violated 15 U.S.C. §§ 1692e by failing to verify Plaintiff's identity before disclosing sensitive personal information regarding Plaintiff's identity.

26. Specifically, after stating Plaintiff's name during a phone call, Defendant immediately disclosed Plaintiff's full social security number and address without verifying that Defendant was, in fact, speaking with the correct party.

27. Defendant violated 15 U.S.C. §§ 1692e and e(8) when it stated that it was reporting the subject debt to Experian when, in fact, Defendant never actually reported it to Experian.

28. Specifically, Defendant attempted to pressure Plaintiff into making a payment on the subject debt by threatening to report the subject debt to Experian.

29. Defendant violated 15 U.S.C. §§1692e and e(11) by failing to read Plaintiff the required mini Miranda language during their phone call.

   **WHEREFORE,** Plaintiff, LAKEIA M. RIDGELL, requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

   c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 22, 2021                 Respectfully submitted,

                                                **LAKEIA M. RIDGELL**

                                                By: */s/ Victor T. Metroff*

                                                Mohammed O. Badwan, Esq.
                                                Victor T. Metroff, Esq.
                                                *Counsel for Plaintiff*
                                                Sulaiman Law Group, Ltd
                                                2500 S Highland Ave, Suite 200
                                                Lombard, IL 60148
                                                (630) 575-8180
                                                mbadwan@sulaimanlaw.com
                                                vmetroff@sulaimanlaw.com